IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MANASSE RIMTOBAYE, | § | |
| | § | |
| Plaintiff-Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. SA-23-CV-1529-FB |
| | § | |
| RAY CASTRO, Warden of South Texas ICE | § | |
| Processing Center; DANIEL BIBLE, Field | § | |
| Office Director, San Antonio Field Office, U.S. | § | |
| Immigration and Customs Enforcement; | § | |
| LADEON FRANCIS, Field Office Director, | § | |
| Chicago Field Office, U.S. Immigration and | § | |
| Customs Enforcement, | § | |
| | § | |
| Defendants-Respondents. | § | |

## ORDER ACCEPTING REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court are (1) the Report and Recommendation of the United States Magistrate Judge (docket #30); (2) Petitioner's Objections to the Report and Recommendation (docket #32); and (3) Response in Opposition to Petitioner's Objections to the Report and Recommendation (docket #33).

Where no party has objected to a Magistrate Judge's Report and Recommendation, the Court need not conduct a de novo review of them. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings and recommendations to which objection is made."). In such cases, the Court need only review the Report and Recommendation and determine whether they are either clearly erroneous or contrary to law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir.), *cert. denied*, 492 U.S. 918 (1989).

On the other hand, any Report or Recommendation to which there are objections requires de novo review by the Court. Such a review means that the Court will examine the entire record, and will make an independent assessment of the law. The Court need not, however, conduct a de novo review

when the objections are frivolous, conclusive, or general in nature. *Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1987).

In the Report, Magistrate Judge Bemporad recommends that Respondents' Response and Motion to Dismiss, or in the Alternative, Motion for Summary Judgment (docket #13) be GRANTED; that Petitioner Rimtobaye's 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus (docket #1) be DENIED, and that this case be DISMISSED based on his analysis that this Court should follow the approach of the Eighth Circuit in *Banyee v. Garland*, 115 F.4th 928, 931 (8th Cir. 2024), and the majority ruling in the Fifth Circuit's unpublished decision in *Wekesa v. U.S. Att'y*, No. 22-10260, 2022 WL 17175818 (5th Cir. Nov. 22, 2022), *cert. denied*, 143 S. Ct. 2666 (2023). Magistrate Judge Bemporad explains that under this approach, because Petitioner Rimtobaye "'is not in witness protection and thus not entitled to relief under 8 U.S.C. § 1226(c)(2) and because he is still in removal proceedings, . . . he does not have a right to a bond review, despite the length of his detention." Report, docket #30 at page 7. Accordingly, Magistrate Judge Bemporad concludes that Petitioner "Rimtobaye is not constitutionally entitled to a bond hearing during his removal proceedings." *Id.*

The Court has reviewed Petitioner's objections to the Report and Recommendation and has conducted a de novo review of the Magistrate Judge's Report and Recommendation and finds the objections should be overruled at this time. The Court hereby accepts, approves, and adopts the factual findings and legal conclusions by the United States Magistrate Judge contained in the Report and Recommendation (docket #30), and incorporates herein the arguments and authorities presented by the Respondents in their Response in Opposition to Petitioner's Objections to the Report and Recommendation (docket #33), and agrees the Federal Respondents' Response and Motion to Dismiss, or in the Alternative, Motion for Summary Judgment should be granted as set forth in the Report and Recommendation.

Accordingly, it is hereby ORDERED that the Report and Recommendations of the United States Magistrate Judge, filed in this case on October 29, 2024 (docket #30) is ACCEPTED such that Federal Respondents' Response and Motion to Dismiss, or in the Alternative, Motion for Summary Judgment (docket #13) is **GRANTED**; the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 filed by Petitioner Manasse Rimtobaye (docket #1) is **DENIED**; and this case is **DISMISSED**.

IT IS FURTHER ORDERED that motions pending, if any, are also **DISMISSED**, and this case is now **CLOSED**.

It is so ORDERED.

SIGNED this 31st day of January, 2025.

_____
FRED BIERY
UNITED STATES DISTRICT JUDGE